UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VIOLA L. BUCHANAN, | CIVIL ACTION 3:15-cv-00663 |
| Plaintiff, | |
| v. | COMPLAINT |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, VIOLA L. BUCHANAN ("Plaintiff" or "Buchanan"), by and through her attorneys, The Law Offices of Mueller and Haller LLC and the Sulaiman Law Group, Ltd., complaining of the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC. , as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA").

**JURISDICTION AND VENUE**

2. This action arises under, and is brought pursuant to, the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k, 28 U.S.C. §§ 1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391; Defendant conducts business in the Southern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Southern District of Illinois.

## PARTIES

4. Plaintiff, Viola L. Buchanan, is a natural person residing at 1300 3rd Street, Cottage Hills, Illinois and is a "consumer" as defined by the FDCPA. *See* 15 U.S.C. 1692a(3).

5. At all times relevant to the action, the Defendant, Portfolio Recovery Associates, LLC ("Portfolio") was a Delaware limited liability company with its principal place of business located in Norfolk, Virginia. Portfolio is a third-party debt purchaser that is in the business of purchasing debts. Some of the debts purchased by Portfolio include a debt allegedly owed by Buchanan.

## FACTS SUPPORTING CAUSE OF ACTION

6. At some time prior to 2008, Buchanan applied for a credit card from HSBC Card Services ("HSBC").

7. Buchanan has not used the card for over five years.

8. Buchanan ran into financial difficulties and was unable to make payments on her HSBC account.

9. HSBC continued collection efforts from time to time.

10. Eventually, HSBC charged off its account, and it was purchased by Portfolio.

11. Buchanan received a collection letter from Portfolio attempting to collect on the HSBC debt that was dated July 31, 2014. *See* Exhibit A, a true and correct copy of the July 31, 2014 Portfolio collection statement.

12. Buchanan was never informed that the alleged HSBC debt was transferred to Portfolio.

13. The written communication from Portfolio was highly upsetting to Buchanan.

14. Buchanan has suffered a great deal of embarrassment as a result of Portfolio's collection attempts.

15. Buchanan has retained counsel to defend against Portfolio's harassing collection efforts.

### PORTFOLIO'S DECEPTIVE PRACTICES

16. Portfolio's statements with regard to Buchanan's alleged debt are deceptive.

17. On the statement dated July 31, 2014, Portfolio states, "Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may report it to the credit reporting agencies as unpaid." *See* Exhibit A.

18. Defendant's letter conveniently fails to state, that the law limits how long Plaintiff can be sued on a debt. *Id.*

19. Portfolio states in the letter that it is, "not obligated to renew this offer." *Id.*

20. Portfolio's letter offers a repayment plan. *Id.*

21. The plan requires a minimum payment. *Id.*

22. Portfolio's letter states that compliance with their offer will result in the account being "…settled in full..." *Id.*

23. These statements are made to deceive Buchanan into paying the debt.

### PORTFOLIO REPRESENTS THIS TIME-BARRED DEBT IS LEGALLY ENFORCEABLE

24. An offer of settlement implies a legally enforceable obligation to pay the debt. See Delgado v. Capital Mgmt. Servs. LP, No. 4:12-CV-4057-SLD-JAG, 2013 WL

1194708, at *7 (C.D. Ill. Mar. 22, 2013) aff'd sub nom. McMahon v. LVNV Funding, LLC, 744 F.3d 1010 (7th Cir. 2014).

25. Portfolio's disclaimer that "because of the age of your debt we will not sue you for it" is vague and deceptive and does not indicate that Buchanan has an ironclad limitations defense. It only indicates that Portfolio is not going to sue. It does not indicate that nobody could sue Buchanan. As most consumers know, when one debt collector is unsuccessful, debts are often referred to another debt collector or an attorney for further action. Portfolio's disclaimer clearly does not indicate that further, more aggressive, litigation would be time-barred.

26. This disclaimer is made even more confusing by the language appearing multiple times in Portfolio's billing statement, indicating that upon payment the account will be considered "settled in full" or "paid in full."

27. It is deceptive and a violation of the FDCPA to include contradictory and unclear statements regarding a consumer's legal liability on a debt. Portfolio could have easily, and should have, stated that the debt is barred from lawsuit by the statute of limitations by Portfolio or any other entity.

### PORTFOLIO'S STATEMENTS ARE DESIGNED TO TRICK AN UNSOPHISTATED CONSUMER INTO WAIVING HER LIMITATIONS DEFENSE

28. Portfolio does not explain the consequences of Buchanan entering into the proposed payment plan.

29. Should Buchanan make a payment towards the debt, the clock will restart on the Statute of Limitations.

30. Portfolio is essentially preying on consumers such as Buchanan, who may pay the alleged debt to stop Portfolio's collection practices.

31. Portfolio is attempting to trap Buchanan, by deceiving her into making a payment, which will renew her liability for the debt.

32. It is well settled law in Illinois that repayment on a debt, which has expired due to the Statute of Limitations, will revive such debt.

33. "An unqualified admission that a debt is due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it, it is sufficient to revive the debt against the Statute of Limitations." *Phillip Ross v. St. Clair Foundry Corporation,* 271 Ill.App. 271, 273 (4th Dist. 1933). "A new promise to pay a past-due debt which removes a case from the running of the statute of limitations is unlike a normal bargain in that it creates a new debt ..." *Axia Incorporated v. I.C. Harbour Construction Co.* 150 Ill.App.3d 645, 645, 651-52 (2nd Dist. 1986).

34. Portfolio's right to sue on the debt would be revived as follows:

    a. If Buchanan sends a payment, then the Statute of Limitations is revived;

    b. Portfolio then would be able to sue on any subsequent failure to pay on the alleged debt.

35. It is the opinion of the Federal Trade Commission that "Absent disclosures to consumers as to the age of their debt, the legal enforceability of it, and the consequences of making a payment on it, it is plausible that dunning letters seeking collection on time-barred debts may mislead and deceive unsophisticated consumers." Brief of Amici Curiae Federal Trade Commission and Consumer Financial Protection Bureau at 7, *Delgado v. Capital*

*Management Services, LP*, 2013 WL 1194708 (No. 13-2030); aff'd sub nom. McMahon v. LVNV Funding, LLC, 744 F.3d 1010 (7th Cir. 2014).

36. Portfolio had no reason to believe that Buchanan would be able to decipher their jumbled language in the mailed notice.

37. The inactive account was said to have been accumulating annual fees beginning sometime well before 2008.

38. Portfolio never communicated to Buchanan that she is under no legal obligation to make any payment towards the alleged debt.

39. Portfolio's business model violates the FDCPA; this is most evident when considering the deceptive practices it employs when attempting to collect on a time-barred debt.

40. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

41. Portfolio's actions are not only ambiguous, baseless, and nonsensical, but they are false, deceptive, and misleading.

42. Portfolio's communications are intentionally deceptive and confusing to consumers so that it can collect on debts that are beyond the statute of limitations.

43. Portfolio's harassment techniques are designed to force consumers, such as Buchanan, to pay immediately to avoid further harassment, embarrassment, and sheer annoyance.

44. Portfolio attempted to revive its right to sue on the alleged debt by formulating a scheme to trick Buchanan into acknowledging the debt and reviving the statute of limitations.

45. "A debtor should not lose this protection of the law without knowing its value to him, and she cannot know the value unless she knows the amount of the claim which will no longer be sheltered by the statute." *Schmidt v. Desser,* 81 Ill.App.3d 940, 943 (3rd Dist. 1980).

46. Portfolio's end-around the statute of limitations was to dupe Buchanan into paying the debt via its unfair and deceptive conduct.

47. The relatively low payment option is confusing regarding the limited time offer, and the legal disclaimer is sufficiently deceptive and unfair to find Portfolio in violation of the FDCPA.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

48. Buchanan repeats and realleges paragraphs 1 through 47 above as set forth herein.

49. Offering to settle a legally unenforceable debt violates the statute. 15 U.S.C. § 1692(d)(2)(A); *McMahon*, 744 F.3d at 1020.

50. The FDCPA prohibits deceptive communications pursuant to 15 U.S.C. §1692e(10).

51. As alleged above, Portfolio's scheme to trick consumers into reviving time-barred debts is inherently misleading and deceptive.

52. Moreover, Portfolio's scheme to revive time-barred debts is unfair, in violation of 15 U.S.C. §1692f.

53. Portfolio's scheme to revive time-barred debts is deceptive because it does not tell the consumer that the debt is time-barred and defendant cannot sue plaintiff to collect it, rather, it implies that defendant has chosen not to sue. Nor does it tell plaintiff that the effect of making (or agreeing to make) a partial payment on a time-barred debt is to revive the statute of

limitations for enforcing that debt. Phillip Ross v. St. Clair Foundry Corp., 271 Ill. App. 271, 273 (4th Dist. 1933); See McMahon v. LVNV Funding, LLC, 744 F.3d 1010, 1021 (7th Cir. 2014).

54. Portfolio's communications to Buchanan were contradictory and confusing with regard to the legal status of the alleged debt and the effect of making a payment on that debt.

55. Portfolio intended that its letter to Buchanan would induce her to make a payment, thus removing the debt from the protection of the statute of limitations.

56. This scheme is patently unfair because an unsophisticated consumer would not be informed from Portfolio's statement ("because of the age of your debt we will not sue you for it") that the consumer had an ironclad limitations defense. Furthermore, Portfolio's multiple statements to "settle" the account would lead an unsophisticated consumer to believe this account is still legally enforceable.

57. "The proposition that a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable, regardless of whether litigation is threatened, is straightforward under the statute. Section 1692e(2)(A) specifically prohibits the false representation of the character or legal status of any debt. Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA. Matters may be even worse if the debt collector adds a threat of litigation, see 15 U.S.C. § 1692e(5), but such a threat is not a necessary element of a claim." McMahon v. LVNV Funding, LLC, 744 F.3d 1010, 1020 (7th Cir. 2014).

58. This scheme is patently unfair, because the unsophisticated consumer would not know that making a payment on a time-barred debt revives the statute of limitations on that debt.

59. This scheme is patently unfair because the settlement offer may also deceive consumers who believe that by making a small payment to "settle" their debt, they have only obligated themselves in the amount of that partial payment. However, under Illinois Law, a partial payment on a time-barred debt revives the entire balance of the debt for a new statute of limitations period.

60. Portfolio is attempting to collect a debt it admits it has no legal right to sue on. It is not collecting on such debt based on a person's moral obligation, which is allowed on time-barred debts. McMahon v. LVNV Funding, LLC, 744 F.3d 1010, 1020 (7th Cir. 2014)

61. Instead, Portfolio uses conflicting and disingenuous statements as to the legal status of the debt and the effect of payment to collect and revive the underlying time-barred debt.

62. Buchanan, as a result of the conduct of Portfolio, has suffered mental anguish and emotional distress.

63. Buchanan is, therefore, entitled to an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff VIOLA L. BUCHANAN respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Buchanan statutory and actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Ordering the deletion of all adverse credit reporting related to the loan;

    d. Awarding Buchanan costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

.

## Jury Demand

Plaintiff demands trial by jury.

Dated: June 12, 2015

Respectfully Submitted                          /s/ James J. Haller
                                                James J. Haller -.6226796
                                                William A. Mueller - #06187732
                                                Attorneys for Plaintiff
                                                5312 West Main Street
                                                Belleville, Illinois 62226
                                                (618) 236-7000

                                                Penelope N. Bach - 6284659
                                                Attorney for Plaintiff
                                                Sulaiman Law Group, LTD
                                                900 Jorie Blvd, Ste 150
                                                Oak Brook, IL 60523
                                                Phone (630)575-8181
                                                Fax: (630)575-8188